1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEROIC ERA, LTD., a foreign company, | Case No. |
| Plaintiff, | **PLAINTIFF HEROIC ERA, LTD.'S MOTION TO QUASH DEFENDANT'S SUBPOENA FOR DEPOSITION OF PLAINTIFF'S COUNSEL** |
| v. | |
| EVONY, LLC, et al., | |
| Defendants. | NOTE ON MOTION CALENDAR: December 24, 2010 |

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## I.   INTRODUCTION

Defendant Evony, LLC served a subpoena on counsel for Heroic Era, Ltd. (the "Subpoena") in this Judicial District purporting to require Heroic Era's counsel to testify in deposition. Heroic Era and Evony are currently engaged in litigation in the United States District Court for the Northern District of California, Case No. 10-cv-2458-SBA (the "Lawsuit").

In the Lawsuit, Heroic Era seeks a declaration that it has not infringed Evony's copyrighted materials. To facilitate settlement, the parties signed an agreement permitting Heroic Era's counsel to examine Evony's source code on an "attorneys' eyes only" basis. Heroic Era's counsel has complied with that agreement.

However, Evony speculates that Heroic Era's counsel has not complied with the agreement. Evony's Subpoena indicates it wishes to interrogate Heroic Era's counsel regarding the alleged "copying, dissemination, transfer or disclosure" of Evony's source code. This is disfavored as a matter of law, and this Court should quash the Subpoena.

Evony cannot show the extraordinary circumstances required to turn Heroic Era's counsel into a witness. A deposition of Heroic Era's counsel would inevitably lead to disclosure of privileged information. The requested deposition is not likely to lead to the discovery of admissible evidence. And Evony has other, far less intrusive means of obtaining the information it seeks. Accordingly, Heroic Era respectfully requests that the Court quash the Subpoena and require Evony to pay Heroic Era its reasonable attorneys' fees incurred in bringing this motion.

## II.   FACTS

### A.   The Parties' Agreement

Heroic Era is the creator of the online real-time strategy game *Caesary*. (Declaration of Derek Linke in Support of Motion to Quash ("Linke Decl.") ¶ 3.) Evony claims Heroic Era misappropriated Evony's source code (and infringed Evony's copyright in that code) in the development of *Caesary*. (Id. ¶ 4.) In its complaint, Heroic Era seeks a judicial declaration that *Caesary* does not infringe any copyrights held by

MOTION TO QUASH - 2
[10-cv-2012]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   Evony and that Heroic Era has not misappropriated any of Evony's trade secrets. (Id. ¶
2   5.)

3           Prior to the commencement of the Lawsuit, the parties engaged in settlement
4   discussions. (Linke Decl. ¶ 6.) During the course of those discussions, Heroic Era's
5   counsel indicated it might facilitate settlement if Heroic Era's counsel had the
6   opportunity to review the source code which Evony claims was misappropriated (the
7   "Evony Code"). (Id. ¶ 7.) Subsequently, the parties executed a letter agreement on July
8   29, 2010 (the "Agreement"), which permitted Heroic Era's counsel to examine the Evony
9   Code on an "attorneys' eyes only basis." (Id. ¶ 8, Ex. A.)

10  **B.   Evony's Subpoena**

11          In the Lawsuit, Evony has previously served Heroic Era with discovery requests
12  seeking to examine Heroic Era's source code for *Caesary* (the "Heroic Era Code").
13  (Linke Decl. ¶ 9.) Heroic Era has complied with these requests. (Id. ¶ 10.) Consequently,
14  Evony has had an opportunity to examine the Heroic Era Code. (Id. ¶ 11.)

15          Heroic Era's counsel has complied with the terms of the parties' Agreement and
16  has not disclosed, disseminated or transferred the Evony Code to anyone other than
17  Heroic Era's counsel. (Linke Decl. ¶ 12.) Nonetheless, Evony claims that since the
18  parties executed the Agreement, Heroic Era has made changes to the *Caesary* source
19  code. (Id. ¶ 13.) Evony claims these purported changes could only have been made if
20  Heroic Era's counsel had violated the Agreement (which Heroic Era's counsel did not
21  do). (Id. ¶ 14.) Evony bases its spurious allegations on its examination of Heroic Era's
22  website. (Id. ¶ 15.)

23          Evony now seeks to depose Heroic Era's litigation counsel concerning the alleged
24  violation of the Agreement. (Linke Decl. ¶ 16 Ex B.) The sole topic of Evony's Subpoena
25  is the alleged violation of the Agreement by Heroic Era's counsel. (Id. ¶ 17.) Aside from
26  the Subpoena, Evony has not served any discovery related to the alleged violation of the
27  Agreement. (Id. ¶ 18.)

28

MOTION TO QUASH - 3
[10-cv-2012]

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   ARGUMENT

**A.   Evony Cannot Meet the Burden of Showing Extraordinary Circumstances Requiring Counsel's Deposition**

"[D]epositions of opposing counsel are disfavored." United States v. Yonkers Board of Education, 946 F.2d 180, 185 (2d Cir. 1991). "The burden is on the party seeking the deposition to show the propriety of and need for deposing opposing counsel." FMC Techs., Inc. v. Edwards, 2007 U.S. Dist. LEXIS 18328, *7 (W.D.Wash. Mar. 15, 2007) (*citing* Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Courts recognize that a deposition of opposing counsel[1] presents "a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel. . . ." Marco Island Partners v. Oak Dev. Corp., 117 F.R.D. 418, 420 (N.D. Ill. 1987); *see also* West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (attorney depositions "inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case"). "[A]s courts have uniformly recognized, depositions of opposing counsel are disruptive to the adversarial process and should be allowed only in limited circumstances.  United States v. Hansen, 233 F.R.D. 665, 668 n.1 (S.D.Cal. 2005). Accordingly, most federal courts require the party seeking to depose opposing counsel to demonstrate the propriety and necessity of the deposition as well as the absence of privileged or protected communications. *See* Kelling v. Bridgestone/Firestone, Inc., 153 F.R.D. 170, 171 (D. Kan. 1994) (citing numerous examples).

The district court may issue orders protecting a party from being deposed where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "On timely motion, the issuing court must quash or modify a subpoena that... (iii) requires disclosure of privileged or other

---

[1] The fact that Evony seeks to depose Heroic Era's litigation counsel exacerbates the prejudice to Heroic Era. *See*, *e.g.*, Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 356 (D.N.J. 1990) (recognizing greater potential harm to adversary process where trial counsel, as opposed to corporate counsel, is deposed).

MOTION TO QUASH - 4
[10-cv-2012]

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  protected matter, if no exception or waiver applies; or (iv) subjects a person to undue
2  burden." FED. R. CIV. P. 45(c)(3)(A).

3      The deposition of opposing counsel "should be employed only in limited
4  circumstances." Shelton, 805 F.2d at 1327. Pursuant to Shelton, the circumstances in
5  which opposing counsel may be deposed should be limited to where the party seeking to
6  take the deposition has shown that: "(1) no other means exist to obtain the information
7  than to depose opposing counsel, . . .; (2) the information sought is relevant and
8  nonprivileged; and (3) the information is crucial to the preparation of the case (the
9  "Shelton Test"). Shelton, 805 F.2d at 1237. Although the Ninth Circuit has not formally
10 adopted Shelton, "district courts have used it when analyzing whether to permit the
11 deposition of counsel." Fausto v. Credigy Services Corp., 2008 U.S. Dist. LEXIS
12 105170, at *4, n.2 (N.D. Cal. Nov. 3, 2008) (cited with favor in Villaflor v. Equifax Info.,
13 2010 U.S. Dist. LEXIS 83314, *6 (N.D. Cal. Jul. 22, 2010); Lloyd Lifestyle Ltd. v.
14 Soaring Helmet Corp., 2006 U.S. Dist. LEXIS 16539, at *4 (W.D. Wash. Mar. 23, 2006);
15 see also Massachusetts Mutual Life Ins. Co. v. Cerf, 177 F.R.D. 472, 479 (N.D. Cal.
16 1998)(applying the Shelton test); Caterpillar, Inc. v. Friedmann, 164 F.R.D. 76, 78 (D.
17 Or. 1995).

18     Evony has not demonstrated a need for deposing Heroic Era's counsel and it fails
19 all three prongs of the Shelton test. The Subpoena is a clear attempt to harass Heroic Era
20 and its counsel, which this Court should not tolerate. Instead, this Court should quash the
21 Subpoena.

22
23     **1.      The Shelton Test Does Not Allow Defendants to Depose Heroic Era
              Counsel**

24          **a.      Evony Has Other Means of Obtaining the Information**

25     If Evony were really concerned about the possibility that *Caesary* had been
26 updated with portions of the Evony Code, Evony could propound discovery requests
27 asking what changes have recently been made to *Caesary* (if any). Evony could ask once
28 more to examine the Heroic Era code. Instead, Evony has chosen to subpoena Heroic

MOTION TO QUASH - 5
[10-cv-2012]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   Era's counsel, which is heavily disfavored absent a showing of the "propriety of and need

2   for deposing opposing counsel." <u>FMC Techs.</u>, 2007 U.S. Dist. LEXIS 18328 at *7.

3   Evony has not come anywhere near the requisite showing. It fails the first prong of the

4   <u>Shelton</u> test.

5           **b.     Evony Inevitably Seeks Privileged Information**

6         Evony seeks to depose Heroic Era's counsel about internal, privileged

7   communications which are permitted under the parties' Agreement. The Agreement

8   permits Heroic Era's counsel to examine the Evony Code: "By signing below, you agree

9   to treat the Code, once disclosed, as highly confidential--attorney's eyes only." (Linke

10  Decl. ¶ 8, Ex. A.) Yet in the Subpoena, Evony seems to question Heroic Era's counsel on

11
12        The facts and circumstances regarding any portion of the Confidential Information [i.e., the Evony Code] that was discussed, referenced or forwarded in any way to **anyone, including but not limited to any attorney**...
13

14  (Linke Decl. ¶ 16, Ex. B; emphasis added.) Such a deposition will inevitably probe into

15  privileged areas regarding internal communications between Heroic Era's counsel

16  concerning matters <u>that Evony agreed Heroic Era's counsel could discuss amongst</u>

17  <u>themselves</u>. For example, Evony would necessarily ask about the content of internal

18  discussions and emails between Heroic Era's counsel relating to their comparison of the

19  Evony Code and the Heroic Era Code. Similarly, Evony would ask about the

20  communications between Heroic Era and its counsel, on the premise that Evony is

21  entitled to breach the attorney-client and work product privileges simply because Evony

22  suspects Heroic Era's counsel violated the Agreement (which it did not). This is grossly

23  improper and is an excellent reason to quash the Subpoena. *See*, *e.g.*, <u>Dunkin' Donuts,</u>

24  <u>Inc. v. Mandorico</u>, 181 F.R.D. 208, 212 (D.P.R. 1998) (noting that deposition of counsel

25  regarding reasons for termination of franchise agreement would involve inquiry into

26  privileged areas, finding "the defendant has failed to meet the second [<u>Shelton</u>] factor",

27  and holding "I will not allow the defendant to depose plaintiff's counsel").

28

MOTION TO QUASH - 6
[10-cv-2012]

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

### c.   The Information Sought Is Not Crucial to Evony's Case

The third <u>Shelton</u> factor is whether "the information is crucial to the preparation of the case". <u>Shelton</u>, 805 F.2d at 1327. Evony cannot claim with any credibility that an intrusive deposition of opposing counsel is "crucial" to its preparation of its case. Evony has previously examined Heroic Era's source code for *Caesary* and if necessary, it could request to do so again. Any testimony Evony obtained from Heroic Era's counsel would be about confidential internal discussions and internal comparisons of the Evony and Heroic Era source codes between Heroic Era's counsel. This type of information would not lead to the discovery of admissible evidence, and is not itself admissible.

### B.   Evony Should Pay Heroic Era's Fees for this Motion

Rule 45 requires an attorney issuing a subpoena to take reasonable steps to avoid imposing an undue burden on the person subject to the subpoena. Rule 45(c)(1) grants courts the power to impose an appropriate sanction which may include attorney's fees. *See also* <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F.3d 792, 814 (9th Cir. 2003) (noting that imposition of attorney's fees as sanction with respect to quashed subpoena is within the discretion of the district court). Heroic Era respectfully requests this Court exercise its discretion and order Evony to reimburse Heroic Era's costs of moving to quash the frivolous Subpoena.

Evony's Subpoena on Heroic Era's counsel is nothing more than a fishing expedition and an attempt to prejudice Heroic Era. Evony should instead have explored less intrusive alternatives, such as propounding additional discovery requests for Heroic Era's source code, rather than harass Heroic Era by seeking to depose its litigation counsel. Evony's Subpoena upon Heroic Era's counsel amounts to bad faith. Accordingly, this Court should require Evony to reimburse Heroic Era for its attorneys' fees incurred in preparing and filing this motion to quash the Subpoena.

### IV.   CONCLUSION

Evony's request to depose Heroic Era's counsel is nothing more than a transparent attempt to harass Heroic Era. Evony fails to satisfy the heightened standard necessary to depose opposing trial counsel; it fails to demonstrate its inability to obtain the sought

MOTION TO QUASH - 7
[10-cv-2012]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1 | after evidence elsewhere, and it fails to demonstrate the "crucial" nature of the evidence

2 | it seeks. Heroic Era respectfully requests the Court quash the Subpoena and grant Heroic

3 | Era its reasonable attorneys' fees in bringing this motion.

DATED this 15th day of December, 2010.

Respectfully Submitted,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____
Derek Linke
linke@newmanlaw.com
Derek A. Newman
derek@newmanlaw.com

Attorneys for Plaintiff
HEROIC ERA, LTD.

MOTION TO QUASH - 8
[10-cv-2012]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800